**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JONATHAN DEL VALLE ARROYO, INDIVIDUALLY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>SUSANA HO a/k/a HAU MEI HO; FREDDY CHEN a/k/a SHIGUANG CHEN; CONYUGAL PARTNERSHIP COMPRISED OF  SUSANA HO a/k/a HAU ME HO and FREDDY CHEN a/k/a SHIGUANG CHEN; SAKE JAPANESE CUISINE & SUSHI BAR; SAKE CUPEY, LLC; ABC<br><br>DEFENDANTS | CIVIL NO.:<br><br>RE:<br><br>***JURY TRIAL DEMANDED*** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Defendants SAKE JAPANESE CUISINE & SUSHI BAR (hereinafter "SAKE SUSHI BAR"), SUSANA HO a/k/a HAU MEI HO (hereinafter, "MRS. HO"), FREDDY CHEN a/k/a SHIGUANG CHEN (hereinafter, "MR. CHEN"), the CONYUGAL PARTNERSHIP COMPRISED OF MR. CHEN AND MRS. HO (hereinafter, "CONYUGAL PARTY") and SAKE CUPEY, LLC. collectively ("DEFENDANTS") operate a Japanese restaurant in San Juan, Puerto Rico, that willfully misclassifies its employees as independent contractors, instead of employees, in a bid to flaunt the obligations under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter, the "FLSA"). From at least, March of 2020 to January of 2024, and possibly to the present (the "relevant time period"), Defendants repeatedly and willfully

violated the FLSA by failing to pay overtime premium to employees who worked more than forty (40) hours per workweek at Sake Sushi Bar.  Defendants typically paid their employees the same hourly rate for all the hours worked during the workweek.  Moreover, Defendants failed to (1) pay daily overtime for daily work shifts in excess of eight (8) hours a day; (2) allow its employees to enjoy the legal meal and rest periods; (3) accrued vacation hours and enjoy vacation time; (4) pay mandatory annual bonus, among others under applicable state laws, which include but is not limited to the Puerto Rico Wage Payment Statute, 29, P.R.L.A. §§ 171 et seq., and §§ 271 et seq. the Puerto Rico Vacation and Sick Leave Act under 29 P.R.L.A. §§250 et seq, and under the Puerto Rico Christmas Bonus for the Employees of the Private Enterprise Act under the Act 148 of June 30, 1969, as amended.

Plaintiffs, Jonathan Del Valle Arroyo (hereinafter, "Del Valle" and/or "Representative Plaintiff"), individually on behalf of himself, and all others similarly situated (collectively, "Plaintiffs"), by and through the undersigned counsels, bring this action seeking to recover violations of the minimum wage, overtime, meal and rest period, and recordkeeping sections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., comparable sections of the Puerto Rico Wage Payment Statute, 29, P.R.L.A. §§ 171 et seq., and §§ 271 et seq. the Puerto Rico Vacation and Sick Leave Act under 29 P.R.L.A. §§250 et seq, and under the Puerto Rico Christmas Bonus for the Employees of the Private Enterprise Act under the Act 148 of June 30, 1969, as amended.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action under 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." This Court has supplemental jurisdiction

over Plaintiff's state claims under 28 U.S.C. §1367 because such claims derive from a common nucleus of operative facts.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because the Defendants conduct business within this judicial district. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this judicial district.

3. This Court has personal jurisdiction over Defendants as a result of the following during the relevant time period:

    a. Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and have otherwise been present, within Puerto Rico (availing themselves of the legal principles of doing business within Puerto Rico) by maintaining, possessing, and operating a business within Puerto Rico and entering into contracts with individuals, including Plaintiff, within Puerto Rico to provide employment services at their businesses.

    b. The statutory violations involving Plaintiff arose directly from, and are substantially related to, Defendants' transacting of business and contracting within Puerto Rico; namely, contracting with, employing, and otherwise doing business with Plaintiffs.

    c. Defendants committed the statutory violations that caused Plaintiffs to suffer lost wages and other harm, and Defendants reasonably should have expected them to suffer such harm, within Puerto Rico; Defendants have regularly done and solicited business within Puerto Rico and derived substantial revenue from services rendered within Puerto Rico.

## PARTIES

4.  Plaintiff Jonathan Del Valle Arroyo (hereinafter, "Del Valle") is an adult residing in San Juan, Puerto Rico, who was employed by Defendants within the meaning of the FLSA during the relevant time period.  Plaintiff Del Valle worked for Defendants and did not receive overtime compensation, or benefits for hours worked in excess of eight (8) hours per day and/or forty (40) hours per workweek; was not permitted to enjoy the mandated legal required rest and meal periods; was not paid the mandated legal required annual bonus; and was not allowed to enjoy vacation as accrued by state laws.  Plaintiff Del Valle's consent-to-join form is attached as Exhibit A.

5.  Plaintiff Del Valle brings this claim on behalf of himself, and others similarly situated employees pursuant to 29 U.S.C. §216(b).  Plaintiff Del Valle and the similarly situated employees, are individuals who were, or are, employed by Defendants in the past three (3) years.  The putative class has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§206-207.

6.  Plaintiff Del Valle, brings this claim on behalf of himself, and others similarly situated employees pursuant to 29 P.R.L.A. §282.  Plaintiff Del Valle and the similarly situated employees, are individual who were, or are employed by Defendants in the past five (5) years.

7.  Defendant, Sake Japanese Cuisine & Sushi Bar (Sake Sushi Bar) is a Japanese restaurant situated at Las Vistas Shopping Village, Las Cumbres Avenue, #36, San Juan, Puerto Rico, 00926.  Upon information and belief, Defendant, Sake Sushi Bar, operates more than one restaurant location in Puerto Rico, including but not limited to one other location in

Dorado, Puerto Rico, and conduct business under the name "Sake Japanese Cuisine Sushi Bar as a doing business as' ("DBA") entity.

8. At all relevant times, Defendant Mrs. Susana Ho a/k/a Mrs. Hau Mei Ho ("Mrs. Ho") was the owner of Sake Sushi Bar.

9. Defendant, Mrs. Ho resides in the Commonwealth of Puerto Rico, within the jurisdiction of this Court.

10. At all relevant times, Defendant, Mr. Freddy Chen a/k/a Mr. Shiguang Chen ("Mr. Chen") was the owner of Sake Sushi Bar.

11. Defendant, Mrs. Ho resides in the Commonwealth pf Puerto Rico, within the jurisdiction of this Court.

12. At all relevant times, Defendants Mrs. Ho and Mr. Chen were involved in the day-to-day business operation of Sake Sushi Bar, had, and by information and belief, continue to (1) have the authority to hire and fire employees; (2) have the authority to direct and supervise the work of employees; (3) have the authority to set the rate of pay of its employees; (4) have the authority to review employees' time record; (5) have the authority to make payments to its employees;  and (6) have the authority to make decisions regarding wage, overtime page, and employee compensation, among others.

13. At all relevant times, Mr. Chen and Mrs. Ho acted in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay overtime premium as required by the FLSA.  As such, at all times hereinafter mentioned, Defendants Mr. Chen and Mrs. Ho have been and are an "employer" as defined by the FLSA, 29 U.S.C. §203(d), and Puerto Rico Code 29 P.R.L.A. §271 et seq.  Mr. Chen and Mrs. Ho are personally liable for their illegal conduct under the FLSA.

14. At all relevant times, by information or belief, Mr. Chen and Mrs. Ho are married and have a conyugal partnership.  Thus, the Conyugal Partnership comprised of Mr. Chen and Mrs. Ho is herein included as Defendant.

15. Defendant, Sake Cupey, LLC. is a corporation duly organized under the Laws of Puerto Rico with Registry No. 548197.  Defendant Sake Cupey, LLC. is herein included as a Defendant based on information and belief that it is the successor employer of Sake Japanese Cuisine & Sushi Bar.  It is further believed that Defendant Sake Cupey, LLC has owned the restaurant since its registration in the State Department of Puerto Rico on February 25, 2025.

16. Defendants ABC, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the Commonwealth of Puerto Rico and employed Plaintiff.  Plaintiff does not know the true names or capacities, whether individual, partner, or corporate of Mr. Chen, Mrs. Ho, and/or Sake Sushi Bar, and for that reason, Defendants ABC are sued under such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to allege their names and capacities as soon as they are ascertained.

17. Plaintiff, by information or belief, understands that all relevant times all Defendants, and each of them, were and are agents, servants, employees, joint ventures, alter egos, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of their employment and/or agency; and that each and every Defendant, while acting as a high corporate officer, director, and/or managing agent, principal and/or employer, expressly directed, consented to, approve, affirmed, and ratified each and every

action taken by the other co-Defendants, as herein alleged, and was responsible in whole or in part for the matters referred to herein.

18. Plaintiff, by information or belief, understands that at all relevant times Defendants, and each of them, proximately caused Plaintiff, and all other similarly situated and the general public, to be subjected to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

19. Plaintiff, by information or belief, understands that Defendants, and each of them, at all relevant times concurred with, contributed to, approved of, aided and abetted, condoned, and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in the Complaint.

## DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

20. During the relevant time period, Defendants have been engaged in providing services as a Japanese restaurant in the Commonwealth of Puerto Rico.

21. During the relevant time period, Defendants have had dozens of employees responsible for preparing and serving food and beverages, whether for dine-in, take out, or delivery.

22. At all times hereinafter mentioned, Defendants have been an employer within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

23. At all times hereinafter mention, Plaintiff have been an employee within the meaning of §3(e) of the FLSA, 29 U.S.C. §203(e).

24. At all times herein mentioned, Plaintiff were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

25. At all times hereinafter mentioned, Defendants have been an employer within the meaning of 29 P.R.L.A. §250b.

26. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of 29 P.R.L.A. §250b.

## PLAINTIFFS ARE EMPLOYEES

27.  At all relevant times, from March 2020 through the present, Defendants have employed individuals to work at Sake Sushi Bar performing various duties, including but not limited to preparing and serving food and beverages, hosting, cleaning and setting tables, taking orders, cleaning dishes, to the clientele of Sake Sushi Bar.

28. At all relevant times, Defendants required their employees to wear uniforms.

29. At all relevant times, Defendants required their employees to work full time.

30. At all relevant times, Defendants exercise substantial control over key aspects of the work their personnel performed at Sake Sushi Bar.

31. At all relevant times, Defendants set their employees' work schedules.

32. At all relevant times, Defendants determined how record of hours worked by its personnel would be maintained.

33. At all relevant times, Defendants required employees to to sign-in and sign-out on a daily manner.

34. At all relevant times, Defendants have set their employees' rate of pay.

35. At all relevant times, Defendants have paid their employees as individuals and have not required an employer identification number (EIN).

36. At all relevant times, Defendants have provided its employees with all equipment and materials required to comply with their duties.

37. At all relevant times, Defendants had complete control of all personnel decisions, and employees, did not partake in any managerial decisions, including but not limited, the hiring and firing of personnel.

38. At all relevant times, Defendants' relationships with its personnel lasted for indefinite period of time and often lasted for years.

39. At all relevant times, the services and work provided by the employees were an integral part of Defendants' business.

40. At all relevant times, Defendants have not executed a formal employment agreement with their employees to govern the term of the working relationship.

## DEFENDANTS' PAY PRACTICES

41. In most workweeks between March 2020 and the present, Defendants' employees typically worked in excess of eight (8) hours a day, ranging from ten (10) to twelve (12) hours in a workday.

42. In most workweeks between March 2020 and the present, Defendants' employees worked in excess of forty (40) hours, ranging from fifty (50) to seventy-two (72) hours in a workweek. Employees typically worked ten (10) to twelve (12) hours shifts, five (5) to six (6) days per week.

43. For workdays that exceeded eight (8) hours, Defendants failed to pay their employees time and one half their regular rate of pay for the hours that exceeded eight (8). Instead, Defendants paid their employees at the regular rate of pay ("straight time").

44. For the workweek that exceeded forty (40) hours, Defendants failed to pay their employees time and one half of their regular rate of pay for the hours that exceeded forty (40). Instead, Defendants paid the employees at the regular rate of pay ("straight time").

45. Throughout the relevant period, Defendants did not allow employees to enjoy a meal period within the first five (5) hours of the work shift.

46. Throughout the relevant period, Defendants did not pay its employee an extraordinary compensation for the work completed during the period allotted to enjoy a meal period, instead paid the employees a regular rate of pay ("straight time").

47. Throughout the relevant period, Defendants did not allow employees to enjoy a second meal period after a period of work that exceeded ten (10) hours in a daily work shift and after not providing an employee with a first meal period within the first five (5) hours of the work shift.

48. Throughout the relevant period, Defendants did not pay its employee an extraordinary compensation for the work completed during the period allotted to enjoy a second meal period, instead paid the employees a regular rate of pay ("straight time").

49. Throughout the relevant period, Defendants failed to pay their employees the annual legal mandated bonus, as mandated by the Puerto Rico Christmas Bonus for the Employees of Private Enterprise Act, Act No. 148 of Juna 30, 1969 as amended, 3 P.R.L.A §501 *et seq*.

50. Throughout the relevant period, employees denied its benefits to receive the annual mandated bonus, even though he complied with the legal prerequisites required in order to be entitled to the annual bonus.

51. Throughout the relevant period, employees were denied their right to a minimum vacation leave accrual after working at least one hundred and thirty (130) hours per month.

52. Throughout the relevant period, Defendants failed to allow its employees to accrue the minimum vacation accrual even though they worked the legal mandatory minimum of more than one hundred and thirty (130) hours in order to be entitled to the accrual.

## GENERAL ALLEGATIONS

53. Plaintiff Del Valle was hired at Sake Sushi Bar on March of 2020 to work full-time as a cook.

54. Plaintiff Del Valle's, and others similarly situated, salary was paid by check from different bank accounts that Mrs. Ho and Mr. Cheng had, including, but not limited, payments made via check that stated that Sake Japanese Cuisine & Sushi Bar was a Doing Business as "DBA" of Mrs. Ho. and Mr. Cheng.

55. Plaintiff Del Valle's initial hourly salary was $12.00 per hour worked.

56. Plaintiff Del Valle's salary was increased to $13.00 per hour after a few months, and later, in 2020, it was further raised to $14.00 per hour.

57. Plaintiff Del Valle's responsibilities were also increased as Plaintiff was reassigned to different positions, ultimately being named the Sushi Chef at Sake Sushi Bar.

58. Plaintiff Del Valle's daily shift consisted of eleven (11) hours, from 11:00 a.m. until. 10:00 p.m.  Plaintiff Del Valle's weekly schedule varied between five (5) and six (6) shifts.

59. It was Defendants' modus operandi to require Plaintiff Del Valle, and others similarly situated, to begin his daily shift before 11:00 a.m. and work past 10:00 p.m.

60.  Defendants never paid Plaintiff Del Valle, and others similarly situated, the mandated legal overtime rate for hours worked in excess of eight (8) hours in a day and/or excess of forty (40) hours in a week.

61. Plaintiff Del Valle, and others similarly situated, are owed the legal overtime rate for hours work in excess of eight (8) hours during a day and in excess of forty (40) hours in a week.

62.  The legal overtime payment rate is calculated at 1.5 times the normal agreed upon hourly salary ("straight time").

63. Defendants required Plaintiff Del Valle, and others similarly situated, to work during the period fixed for meals and thus, Plaintiff Del Valle, and others similarly situated, did not have the benefit of enjoying the allocated period fixed for meals as required by state laws.

64. Defendant required Plaintiff Del Valle, and others similarly situated, to work during the designated meal break period, and Plaintiff del Valle, and others similarly situated, were only compensated the regular hourly rate ("straight time"), and not at the mandated legal overtime rate.

65. Defendants owe Plaintiff Del Valle, and others similarly situated, the wages earned for hours worked during the meal break period, along with the statutory penalty as mandated by state law.

66. Defendants regularly required Plaintiff Del Valle, and others similarly situated, to work in excess of ten (10) consecutive hours during their daily work shift without providing a second meal break period, and without having provided the first meal break period.

67. Defendants did not allow Plaintiff Del Valle, and others similarly situated, to enjoy the second designated meal period, as required by law, when working in excess of ten (10) hours.

68. Defendants never allowed Plaintiff Del Valle, and others similarly situated, to enjoy vacations, even though Plaintiff Del Valle, and others similarly situated, accrued monthly vacation rate on a monthly basis during a period that extended for up to (4) years of employment.

69. Defendants were obligated to grant Plaintiff Del Valle, and others similarly situated, an annual mandated bonus during the years 2020 to 2023 as mandated by Puerto Rico

Christmas Bonus for the Employees of the Private Enterprise Act, Act. No. 148 of June 30, 1969, as amended. 29 P.R.L.A. §501.

70. Defendants did not pay Plaintiff Del Valle, and others similarly situated, the annual bonus they were entitled to. As mandate by 29 P.R.L.A. §502, Defendants owe Plaintiff Del Valle, and others similarly situated, the annual bonus plus a sum equal to the amount owed for failing to make the payment within six (6) months of the allotted time by state law.

**FIRST CAUSE OF ACTION: FAILURE TO PAY OVERTIME IN VIOLATION OF §7(a) AND 15 (a)(2) OF THE FLSA.**

71. Plaintiff Del Valle, on behalf of himself, and all others similarly situated, reassert the allegations set forth in the above paragraphs

72. As a result of Defendants' practices of willfully misclassifying its employees that work at Sake Sushi Bar as independent contractors instead of employees, Defendants did not compensate its personnel for their employment in excess of the prescribed hours at rates no less than one and one-half times the regular rate at which they were employed. Defendants have repeatedly and willfully violated the provisions of §7 and §15(a)(2) of the FLSA by not paying additional premium of one-half the personnels' regular rate for hours worked in excess of forty (40) hours in a workweek.

73. Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under §16(c) if the FLSA or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under §17 of the FLSA.

74. Defendants knew or acted in reckless disregard that its compensation practices violated the FLSA.

**SECOND CAUSE OF ACTION: VIOLATION OF §6(a) AND 15 (a)(2) OF THE FLSA.**

75. Plaintiff Del Valle, on behalf of himself, and all others similarly situated, reassert the allegations set forth in the above paragraphs

76. As a result of failing to compensate some former or current employees employed in an enterprise engaged in commerce or in the production of goods for commerce for certain workweeks, Defendants have willfully violated the provisions of §6 and §15(a)(2) of the FLSA by failing to pay such employees at least the minimum hourly rate required by law.

77. Therefore, Defendants are liable for any unpaid minimum wage compensation owing to their employees under §6 of the FLSA and an additional amount as liquidated damages pursuant to §16(c) if the FLSA, or in the event liquidated damages are not awarded, minimum wage compensation and prejudgment interest under §17 of the FLSA.

**THIRD CAUSE OF ACTION: VIOLATION OF 29 P.R.L.A §273 AND THE CONSTITUTION OF PUERTO RICO**

78. Plaintiff Del Valle, on behalf of himself, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

79. Art. II, §16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and work that exceeds the daily limit may only be performed with extraordinary compensation, which shall never be less than one- and one-half times the regular hourly wage.

80. Defendants violated Art. II, 016716 of the Puerto Rico Constitution and 29 P.R.L.A §273(a), by regularly and repeatedly failing to properly compensate Plaintiff Del Valle, and those similarly situated, for all their compensable overtime actually worked.

81. As a result of Defendants' practices of willfully misclassifying its employees that work at Sake Sushi Bar as independent contractors instead of employees, Defendants did not compensate their personnel for their employment in excess of the prescribed hours at rates no less than one and one-half times the regular rate at which they were employed. Defendants have repeatedly and willfully violated the provisions of 29 P.R.L.A. §273 of the Working Day in Puerto Rico Act by not paying additional premium of one-half the personnels' regular rate for hours that its employees work for Sake Sushi Bar in excess of eight (8) hours during any calendar day and/or hours that an employee worked for Sake Sushi Bar in excess of forty (40) hours during any workweek.

82. Defendants are required to pay Plaintiff Del Valle, and those similarly situated, for all unpaid overtime at a rate of not less than one and one-half times the regular pay rate, as mandated by 29 P.R.L.A. §274.

83. Therefore, Plaintiff Del Valle, and those similarly situated, are entitled to the difference owed to the total unpaid overtime compensation plus an equal amount to that which has not been paid as additional compensation as per 29 P.R.L.A. §263(c).

84. Defendants knew or acted in reckless disregard that its compensation practices violated the Puerto Rico Minimum Wage Act.

85. Plaintiff Del Valle, and those similarly situated, have a right to salaries owed during the last five (5) years as per 29 P.R.L.A. §263(d).

**FOURTH CAUSE OF ACTION: VIOLATION OF 29 P.R.L.A §283 – FAILURE TO PROVIDE PLAINTIFF WITH A MEAL PERIOD**

86. Plaintiff Del Valle, on behalf of himself, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

87.  Defendants required Plaintiff Del Valle, and those similarly situated, to work for a period longer than five (5) consecutive hours, without providing a meal period.

88. Defendants are required to pay Plaintiff Del Valle, and those similarly situated, an extraordinary compensation for time worked at a rate equal to one- and one-half times the regular hourly pay rate as mandated by 29 P.R.L.A. §283 for work completed during the meal period, plus an additional sum equal to the unpaid wages as liquidated damages.

89. Defendants required Plaintiff Del Valle, and those similarly situated, to work for a period that exceeded ten (10) hours, without providing a second meal period, and did not provide a first meal period.

90. Defendants are required to pay Plaintiff Del Valle, and those similarly situated, an extraordinary compensation for time worked at a rate equal to one- and one-half times the regular hourly pay rate as mandated by 29 P.R.L.A. §283 for work completed during the second meal period, plus an additional sum equal to the unpaid wages as liquidated damages.

91. Plaintiff Del Valle, and those similarly situated, have a right to salaries owed during the last five (5) years as per 29 P.R.L.A. §263(d).

**FIFTH CAUSE OF ACTION: DEFENDANTS' FAILURE TO COMPLY WITH PUERTO RICO VACATION AND SICK LEAVE ACT, 29 P.R.L.A. § 250 *et seq*.**

92. Plaintiff Del Valle, on behalf of himself, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

93. At all relevant times, Plaintiff Del Valle, and those similarly situated, worked at least one hundred and thirty (130) hours a month.

94. At all relevant times, Plaintiff Del Valle, and those similarly situated, were entitled to a minimum vacation leave accrual rate of one-half (1/2) during the first year of service; three-fourths (3/4) of a day after the first year of service up to the fifth year of service; one (1) day after the fifth year of service up to the fifteenth (15) year of service, and one and one-fourth (1 ¼) of a day after the fifteenth (15) year of service.

95. At all relevant times, Plaintiff Del Valle, and those similarly situated, were denied by Defendants the right to enjoy a vacation period during a period that exceeded two (2) years.

96. Defendants are required to pay Plaintiff Del Valle, and those similarly situated, the total amount leave accrued to date, and pay Plaintiff Del Valle, and those similarly situated, twice (2) the corresponding salary for the period in excess of two (2) years, as mandate by 29 P.R.L.A. §250d(h).

97. Defendants are required to pay Plaintiff Del Valle, and those similarly situated, the difference owed up to the total amount of the total compensation for wages, vacation and sick leave, plus an amount equal to that which has not been paid, as mandated by 29 P.R.L.A. §250i(a) .

98. Plaintiff Del Valle, and those similarly situated, have a right to salaries owed during the last five (5) years as per 29 P.R.L.A. §263(d).

**SIXTH CAUSE OF ACTION: DEFENDANTS' FAILURE TO COMPLY WITH PUERTO RICO CHRISTMAS BONUS FOR THE EMPLOYEES OF PRIVATE ENTERPRISE ACT, ACT NO. 148 OF JUNE 30, 1969, AS AMENDED, 3 P.R.LA. §501 *et seq*.**

99. Plaintiff Del Valle, on behalf of himself, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

100.    At all relevant times, Plaintiff Del Valle, and those similarly situated, worked one

thousand, three hundred fifty (1,350) hours or more, during the months of October 1st

through September 30th of the following years, from the year 2020, up and until, at least

the year 2023, and by information and belief, up to present time.

101.    Defendants are required to pay a bonus equal to two percent (2%) of the total wage

earned by Plaintiff Del Valle, and those similarly situated, up to six hundred dollars.

102.    At all relevant times, Defendant failed to the legal mandated annual bonus.

103.    At all relevant times, Plaintiff Del Valle, and those similarly situated, were denied

the right to be paid the Puerto Rico Christmas Bonus, from at least the year 2020 up and

until 2023, and by information and belief, up to present times.

104.    At all relevant times, Defendants failed to make the payment of the bonus by

December 15 of each year, as mandated by 29 P.R.L.A. §502.

105.    At all relevant times, Defendants failed to make the required payment, by at least

six (6) months, thus Defendants are required to pay another sum equal to said bonus, as

additional compensation.

106.    Plaintiff Del Valle, and those similarly situated, have a right to salaries owed during

the last five (5) years as per 29 P.R.L.A. §263(d).

**JURY DEMAND**

107.    Plaintiff Del Valle, individually and on behalf of the putative class, demand a trial

by jury.

**PRAYER FOR RELIEF**

108.    This Court to Order Defendants to file with this Court and furnish to Counsel for

Plaintiffs a list of all names, telephones numbers, home addresses, and email addresses of

laborers who have worked for Defendants at Sake Sushi Bar within the last three (3) years, as this the relevant time frame for claims under the FLSA.

109.     This Court to Order Defendants to file with this Court and furnish to Counsel for Plaintiffs a list of all names, telephones numbers, home addresses, and email addresses of laborers who have worked for Defendants at Sake Sushi Bar within the last five (5) years, the statutory period, as mandated by applicable Puerto Rico Law, 29 P.R.L.A. §263d as this is the relevant time frame for claims under Puerto Rico law.

110.     Issuance of notice as soon as possible to all Sake Japanese Cuisine Sushi Bar personnel who were employed by Defendants during any portion of the three (3) years preceding the filing of this action.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for hours worked as personnel of Sake Japanese Cuisine Sushi Bar during any portion of the statutory period.

111.     Issuance of notice as soon as possible to all Sake Japanese Cuisine Sushi Bar personnel who were employed by Defendants during any portion of the five (5) years preceding the filing of this action.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for hours worked as personnel of Sake Japanese Cuisine Sushi Bar during any portion of the statutory period, as mandated by applicable Puerto Rico Law, 29 P.R.L.A. §263d.

112.     Judgment against Defendants for an amount equal to Plaintiff and class's unpaid back wages at the applicable overtime rate for each hour worked over forty (40) during a workweek, plus an equal amount as liquidate damages.

113.    Judgment against Defendants that their violations of the FLSA were willful.

114.    Judgment against Defendants for an amount equal to Plaintiff and class's unpaid back wages at the applicable overtime rate for each hour worked over eight (8) during a work shift, plus an equal amount as liquidate damages.

115.    Judgment against Defendants for an amount equal to Plaintiff and class's unpaid meal period worked, plus an equal amount as liquidated damages.

116.    Judgment against Defendants for an amount equal to Plaintiff and class's unpaid accrued vacation hours, plus an equal amount as liquidated damages.

117.    Judgment against Defendants for an amount equal to Plaintiff and class's unpaid Annual Bonus as mandated by the Puerto Rico applicable laws, plus an equal amount as liquidated damages.

118.    To the extent that liquidated damages are not awarded, an award of prejudgment interest.

119.    All costs incurred and reasonable attorneys' fees.

120.    Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

121.    Leave to amend to add claims under applicable state laws; and

122.    For such further relief as the Court deems just and equitable.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, the 30th  day of  July of 2025.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification electronically to all counsel of record.

s/Enrique J. Mendoza-Méndez
ENRIQUE J. MENDOZA MENDEZ
USDC-PR 202804

s/Enrique J. Mendoza Sánchez
ENRIQUE J. MENDOZA SÁNCHEZ
USDC-PR 307805

s/Gilberto J. Oliveras Maldonado
GILBERTO J. OLIVERAS MALDONADO
USDC-PR 307701

**MENDOZA LAW OFFICES**
PO Box 9282
San Juan, PR 00908-0282
Tel. (787)722-5522 / 5530
Fax: (787) 723-7057
E-mail: mendozalo@yahoo.com